# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERTA AUSTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:18-cv-00348 |
| | § | |
| JO-ANN STORES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion for Summary Judgment and Brief in Support (ECF Nos. 14–15), filed February 5, 2019; Plaintiff's Response and Brief in Support (ECF Nos. 23–25), filed February 26, 2019; and Defendant's Reply (ECF No. 26), filed March 8, 2019. Having reviewed the motion, briefing, and applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED**.

## I.  FACTUAL BACKGROUND

On February 1, 2019, Plaintiff Roberta Austin was shopping at a Jo-Ann fabric store when she slipped on either: (1) red glitter; (2) black glue; (3) a combination of glitter and glue; or (4) loose staples. Pl.'s Br. Supp. Resp. 5, ECF No. 25 [hereinafter, "Pl.'s Br."]. Plaintiff fell to ground, injuring her shoulder. *Id*. Emergency personnel were called and arrived at the Jo-Ann store at 1439 W. Pipeline Road, Hurst, Texas, a short time later. *Id*. Paramedics assisted and transported Plaintiff to the hospital in an ambulance.[1] *Id*. Plaintiff brings this suit against Defendant Jo-Ann Stores

---

[1] A Jo-Ann employee testified—and Plaintiff pointed out repeatedly—that paramedics could only have entered or exited through the front door of the store. But, as explained below, that fact is not material to the disputed elements of her claim.

seeking to recover damages for: (1) her medical expenses; (2) pain and suffering; (3) mental anguish; (4) physical impairment; (5) disfigurement; and (6) exemplary damages. Am. Compl. 3–4, ECF No. 5.

## II. LEGAL STANDARD

The Court may grant summary judgment where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, courts must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion. *Id.* at 250.

## III. ANALYSIS

As an initial matter, the Court must resolve Plaintiff's contention that she "has plead a viable premises liability and/or negligence claim." Pl.'s Resp. 1, ECF No. 24. "In Texas, when an injury arises on a premises, two potential causes of action generally arise against the premises

owner and/or occupier—negligent activity and premises liability." *Robles v. Ross Stores, Inc.*, No. 3:16-CV-0086-B, 2017 WL 2306527, at *2 (N.D. Tex. May 26, 2017) (citing *U.S. Dist. Court S. Dist. of Tex. Hous. Div. Charles Plata v. Chipotle Mexican Grill, Inc.*, H-15-2436, 2016 WL 126420, at *1 (S.D. Tex. Jan. 12, 2016)). "Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: '[N]egligent activity encompasses a malfeasance theory based on affirmative contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Id.* (citing *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010))). "When an alleged injury is caused by a *condition* created by some activity rather than by the *activity itself*, a plaintiff is limited to a premises defect theory of liability." *Id.* (emphasis added); *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012). Here, Plaintiff does not allege she was injured by some negligent *activity itself*.[2] Rather, Plaintiff alleges she was injured when she slipped on a substance on the floor of a Jo-Ann fabric store and argues that *condition* should have been prevented. Accordingly, Plaintiff's cause of action is properly construed as a textbook premises liability claim, not a negligent activity claim.[3]

---

[2] Plaintiff provides a footnote citation to *McCown* as support. *McCown v. U.S. Pers., Inc.*, No. 3:05-CV-1582, 2006 WL 2623938. at *3 (N.D. Tex. Sept. 11, 2006). In *McCown* the parties disputed whether the Defendant owned and controlled the premises at issue. No such dispute exists here. But notably, that court analyzed the difference between a negligent activity claim and a premises liability claim. And here, as in *McCown*, Plaintiff does not argue that any "*contemporaneous activity* on the part of [Defendant] caused her fall." *Id.* Rather, she testified that she did not see anyone when she fell but that one other shopper witnessed the fall. *See* Def.'s App. Supp. Mot. Summ. J. Ex. 1 (Plaintiff's Deposition) App. 57–59, ECF No. 16.

[3] Notably, Plaintiff's arguments underlying both the Amended Complaint and the brief in support of the Response focus on premises liability concepts.

### A. Premises Liability Claim

Defendant moves for summary judgment, arguing Plaintiff does not present sufficient evidence to prevail on her premises liability claim. Specifically, Defendant argues: (1) Plaintiff cannot demonstrate Defendant had actual knowledge of the substance on the floor; (2) Plaintiff cannot demonstrate Defendant had constructive knowledge of the substance on the floor; and (3) Defendant owed no duty to Plaintiff because the alleged condition was open and obvious. Def.'s Br. Supp. Mot. Summ. J. 5, ECF No. 15 [hereinafter, "Def.'s Br."]. Plaintiff responds by arguing that the parties dispute certain material facts, which should preclude summary judgment. Pl.'s Br. 9–12, ECF No. 25. Specifically, Plaintiff argues that: (1) there is a fact issue as to whether Defendant had actual knowledge of Plaintiff's accident; (2) there is a fact issue as to whether the substance was open and obvious; (3) principles of equity should prevent Defendant from prevailing by claiming ignorance of the accident; and (4) Defendant should have discovered the substance before Plaintiff slipped. *Id*.

"In order to prevail on a claim for premises liability, plaintiff must establish that: '(1) defendant had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) defendant did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) defendant's failure to use reasonable care to reduce or eliminate unreasonable risk of harm proximately caused plaintiff's injuries.'" *Quintero-Vasquez v. Wal-Mart Stores Texas, LLC,* No. 4:14-CV-520-A, 2015 WL 1637954, at *2 (N.D. Tex. Apr. 10, 2015) (quoting *LMB, Ltd. v. Moreno,* 201 S.W.3d 686, 688 (Tex. 2006)). Notably, "[a] slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises

4

owner a reasonable opportunity to discover it." *Id.* (quoting *Wal–Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 814 (Tex. 2002). Here, as in *Quintereo*, "Plaintiff has not alleged that defendant placed the substance on the floor." *Id*. Accordingly, to satisfy the notice element, Plaintiff must present some evidence to establish that Defendant had either actual or constructive knowledge of the hazardous substance. If Plaintiff cannot do so, her claim fails as a matter of law.

      1.    <u>Actual Knowledge</u>

Defendant argues Plaintiff "cannot present evidence showing that Jo-Ann had actual knowledge, as there is no evidence that [Defendant] or any of its employees, representatives, or agents…knew that the substance was there prior to Plaintiff's incident." Def.'s Br. 6, ECF No. 15. Plaintiff responds by arguing that there is a genuine issue of material fact over whether Defendant had actual knowledge of the *incident*.[4] Pl.'s Br. 9–12, ECF No. 25. Plaintiff argues, based on the circumstances, that Defendant cannot in good faith deny knowledge of the incident itself. But for premises liability purposes, knowledge of the *incident* is not at issue. Rather the relevant inquiry is whether Defendant knew of the substance *before* the incident and failed to act reasonably if that condition presented a risk of harm. *See Wal–Mart Stores*, 81 S.W.3d at 814. Here, Plaintiff does not present evidence indicating Defendant was aware of the alleged substance at any time *before* the incident. Accordingly, the Court finds there is no genuine dispute of fact that Defendant had no actual knowledge of the substance.

      2.    <u>Constructive Knowledge</u>

As for constructive knowledge, Defendant argues that "Plaintiff cannot present evidence—either direct or circumstantial—to impute constructive knowledge of the glue-like substance to [Defendant] because there is no evidence of how long the alleged substance was on the floor before

---

[4] Plaintiff's other arguments relate to constructive, rather than actual knowledge.

5

the Plaintiff's accident." Def.'s Br. 7, ECF No. 15. Plaintiff responds that a fact issue exists over whether Defendant had constructive knowledge of the substance because "Defendant's employees, in the exercise of due care, should have discovered this dangerous condition." Pl.'s Br. 12, ECF No. 25. Plaintiff further argues that Defendant, as a policy matter, should not prevail on summary judgment, "when it failed to do any type of investigation regarding the dangerous condition, failed to keep evidence of the incident or the condition, and failed to require its employees to take reasonable steps to protect customers from dangerous conditions such as the glue/glitter and/or staples on which Plaintiff fell."[5] *Id*. at 11.

The time-notice rule requires "that a dangerous condition [must] exist[] for some length of time before a premises owner may be charged with constructive notice" and this "is firmly rooted in [Texas] jurisprudence." *Wal–Mart Stores*, 81 S.W.3d at 815. Importantly, "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id*. at 816 (emphasis in original); *see also Quintero*, 2015 WL 1637954, at *3; *see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) ("Corbin's testimony that the grapes lying around him were discolored does not tend to prove that the grapes had been on the floor a sufficient time to impute knowledge of their location to Safeway."). "Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [Texas courts] have clearly rejected." *Id*. Here,

---

[5] Notably, Plaintiff's arguments focus on the reasonableness of Defendant's action or inaction. But the reasonableness prong of the premises liability analysis only comes into play if Defendant had knowledge of the substance. *See Wal–Mart Stores*, 81 S.W.3d at 814.

Plaintiff fails to point to any evidence indicating—or from which the Court can infer—how long the alleged substance was on the floor. *See* Pl.'s Br., ECF No 25; *see also* Def.'s App. Supp. Mot. Summ. J. Ex. 1 (Plaintiff's Deposition) App. 66, ECF No. 16. As such, while it was *possible* for Defendant to discover the substance before the incident, the Court cannot discern if Defendant *should* have discovered it. Accordingly, the Court finds that Plaintiff failed to raise a genuine issue of material fact as to whether Defendant had constructive knowledge.

## IV. CONCLUSION

As Defendant points out in its motion, Plaintiff failed to present evidence supporting—or creating a fact issue over—the knowledge element required to prevail on her premises liability claim.[6] Accordingly, Defendant is entitled to judgment as a matter of law and the Court finds that Defendant's Motion for Summary Judgment (ECF No. 14) should be and is hereby **GRANTED**. The Court will enter a separate final judgment consistent with its findings.

**SO ORDERED** on this **9th day** of **May, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court finds that Plaintiff's claim fails as a matter of law based on the knowledge requirement, there is no need to reach Defendant's alternative arguments. But the Court notes that, based on the evidence and Plaintiff's own admission, there is no dispute of fact that the condition at issue was open and obvious. *See* Def.'s App. Supp. Mot. Summ. J. Ex. 1 (Plaintiff's Deposition) App. 61–65, ECF No. 16.